Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Plaintiff
LIUXIA WONG
In Case No. C 12-00469 HRL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| HARD DRIVE PRODUCTIONS, INC., | Case No.: C 11-05630 YGR |
|---|---|
| Plaintiff, | **LIUXIA WONG'S NOTICE OF MOTION, AND MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER** |
| v. | |
| JOHN DOE, | Date: March 20, 2012 |
| Defendant. | Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor<br>File Date: November 21, 2011<br>Trial Date: None |

## I. NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS GIVEN that on the above captioned date and time, or as soon thereafter as the matter may be heard in courtroom 1 of this court located on the 4th floor at the United States Courthouse, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California, 94612, plaintiff Liuxia Wong in the U.S. District Court, Northern District of California's action number C 12-00469 HRL, and nonparty in this action is moving the court for the following relief.

Mrs. Wong is moving the court to quash plaintiff Hard Drive Productions, Inc.'s (hereafter "Hard Drive") deposition subpoena that was invalidly served upon her due to its failure to tender Rule 45(b)(1) fees, and for a protective order to continue her deposition until after the court's April 17, 2012 case management conference in her case so that she is not unduly burdened with attending two

1 separate depositions—once in Hard Drive's case and another deposition in her own case, both of which
2 relate to Hard Drive's infringement claims of its purported copyright.
3     Mrs. Wong's motion is based on this notice, the memorandum of points and authorities, the
4 declaration of Steven W. Yuen and all supporting papers, the files and records in this action, and any
5 further admissible evidence and argument that the court may timely receive at or before the hearing.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

**A.    STATEMENT OF FACTS**

8     Hard Drive first brought an action against 48 Doe defendants in action number C 11-01957 JCS
9 (hereafter "prior action"). (Exhibit A to the Declaration of Steven W. Yuen (hereafter "Yuen Decl.")
10 In this prior action, Hard Drive claimed that the purported copyright to its adult video entitled Amateur
11 Allure – Jen was being infringed. (Exhibit A at 4:11-14 (¶ 7).) Hard Drive then applied ex parte for
12 expedited discovery prior to the initial conference to discover the Doe defendants' actual names that
13 corresponded to each IP address. (Exhibit B at 1:26-2:1.) To support its ex parte application, Hard
14 Drive represented to the court that the expedited discovery was needed so that once it had the Doe
15 defendant's contact information, it would contact, and formally name and serve each defendant by his
16 or her real name. (Exhibit B at 2:18-21.) The court granted Hard Drive's application presumably
17 based on this representation. (Action number C 11-01957 JCS, docket 8.) After receiving Liuxia
18 Wong's contact information, Hard Drive transmitted a letter to her demanding $3,400 to settle the case.
19 (Exhibit C at 6:20-7:25 (¶¶ 46-55) & Exhibit A.) In response, Mrs. Wong denied all liability alleged in
20 the prior actions' complaint. (Exhibit C at 8:1-2 (¶ 57); and Yuen Decl. at 2:8-9 (¶ 7).) Hard Drive
21 then dismissed its prior action. (Exhibit C at 8:5-6 (¶ 59); and Action number C 11-01957 JCS,
22 docket 13.)

23     Hard Drive then filed on November 21, 2011 action number C 11-05630 YGR (hereafter
24 "present action"). (Exhibit C at 8:17-20 (¶ 63); and Docket 1.) On January 6, 2012, Hard Drive again
25 applied ex parte for expedited discovery, this time to take the deposition of Mrs. Wong. (Exhibit D;
26 and Docket 9.) Hard Drive represented to the court that it would provide Mrs. Wong with "at least 20
27 days [notice] forward from the date of the subpoena to allow Ms. Wong ample time to arrange for
28 attendance." (Exhibit D at 12:3-4.) This representation to the court was false as Hard Drive

subsequently only provided 13 days notice for Mrs. Wong to attend her deposition. (Exhibit E.) Hard Drive further represented to the court that it would pay Mrs. Wong her Rule 45 fees. (Exhibit D at 12:6.) Again, this statement was false as no fees accompanied the subpoena transmitted by e-mail and mail to her counsel. (Yuen Decl. at 2:5-7 (¶ 6).)

Before Hard Drive invalidly served its subpoena, Mrs. Wong's counsel attempted to informally resolve the dispute with Hard Drive's counsel by having Mrs. Wong execute a declaration under penalty of perjury attesting that: (1) she did not download the movie, (2) she did not tell anyone else to download the movie for her, (3) she did not know anyone else was using her computer or network equipment to download the movie, (4) **she does not know** who downloaded the movie, and (5) that her internet service provider set up her wi-fi equipment. (Yuen Decl. at 2:10-3:2 (¶ 8).) Hard Drive rejected this offer, and in response demanded a $3,000 settlement from Mrs. Wong in order for her to avoid this "costly deposition." (Id., at 2:16-20 (¶ 8); and Exhibit D at Exhibit C.) Mrs. Wong then notified Hard Drive that if it still wanted to depose her, that her deposition should occur after the initial conference hearing in her action had occurred. (Id., at 2:20-22 (¶ 8), 3:3-4 (¶ 9) & 3:11-12 (¶ 11).) This was to avoid having her deposed twice—once in Hard Drive's action, and once in her action wherein Hard Drive is named as a defendant. (Id., at 3:12-13 (¶ 11).) Hard Drive refused Mrs. Wong's attempts to resolve these issues, and decided to unilaterally notice her deposition at its convenience contrary to Civil Local Rule 30-1. (Id., 2:24-3:2 (¶ 8).)

Mrs. Wong now moves to quash Hard Drive's invalidly served deposition subpoena, because no Rule 45 fees accompanied it, and further moves for a protective order to continue her deposition so that it coincides with the deposition in her case so that she is not unduly burdened with attending two separate depositions involving the same issues.

**B. LEGAL ARGUMENT**

    **1. The Service of Hard Drive's Deposition Subpoena was Invalid Since it Failed to Simultaneously Tender the Mandatory Rule 45 Fees**

"Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." (Fed. R. Civ. P. 45(b)(1).) Failure to simultaneously tender witness fees along with the

subpoena invalidates the service. (CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc. (9th Cir. 1983) 713 F.2d 494, 496.) Moreover, "[f]or the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel…" (Civil L.R. 30-1.) "A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena." (Id.) Finally, the court previously ordered that Mrs. Wong had the right to move to quash or to limit the deposition subpoena for her. (Exhibit F at 2:10-11.)

Previously, Mrs. Wong's counsel agreed to accept service of the deposition on her behalf so that Hard Drive would not have to incur additional costs for service. (Yuen Decl. at 2:22-23 (¶ 8).) Her counsel, however, never agreed to waive the mandatory fees required by Rule 45(b)(1). (Id., at 2:23 (¶ 8).)

On February 1, 2012, Hard Drive's counsel executed the deposition subpoena,[1] and had it e-mailed it to Mrs. Wong's counsel. (Yuen Decl. at 2:5-7 (¶ 6).) Subsequently on February 3, 2012, Mrs. Wong's counsel received the deposition subpoena which was also mail served. (Id.) The mailed subpoena, however, did not include any fees as required by Rule 45(b)(1). (Id.) As such, Hard Drive's deposition service was invalidly served, and the court should quash the deposition subpoena.

Prior to bringing her motion to quash, Mrs. Wong notified Hard Drive's counsel asking him to withdraw the invalidly served subpoena, and to agree to postpone her deposition until after the case management conference in her case had occurred, and after the parties had agreed to a discovery plan. (Yuen Decl. at 3:3-4 (¶ 9) & 3:10-13 (¶ 11).) In response, Hard Drive's counsel denied that the subpoena was invalidly served, and further threatened to bring contempt proceedings and to seek monetary sanctions against Mrs. Wong. (Id., at 3:17-21 (¶ 12).) Thus, given Hard Drive's refusal to

---

[1] Despite Hard Drive's counsel's representation that he was out of the country from January 31 to February 9, 2012, and would be unable to respond to any correspondence, in addition to executing the deposition subpoena on February 1, 2012 (Exhibit E), on February 5, 2012 he filed an opposition to Mrs. Wong's administrative motion to consider whether cases should be related (action number C 11-01957 JCS, docket 16), and a motion to dismiss along with a supporting declaration in Mrs. Wong's action number C 12-00469 HRL (docket 8). In addition to notifying Mr. Gibbs, Mrs. Wong's counsel always notified either his assistant Angela Van Den Hemel, or John Steele of his firm. (Yuen Decl. at 3:3-9 (¶¶ 9-10).)

withdraw an invalidly served deposition subpoena along with its threats to bring contempt proceedings and to move for monetary sanctions against her, Mrs. Wong had no choice but to bring this motion to quash.

### 2. The Court Should Grant Mrs. Wong's Request for a Protective Order so that she is Subject to Only One Deposition in Hard Drive's Action and in her Action

"[A]ny person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." (Fed. R. Civ. P. 26(c)(1).) "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." (Id.) "The court may, for good cause, issue an order to protect a party or person from … undue burden or expense, including one or more of the following: … specifying terms, **including time** and place, **for the disclosure or discovery**[.]" (Id., emphasis added.)

Normally, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by court order. (Fed. R. Civ. P. 26(d)(1).) Additionally, unless otherwise ordered by the court or stipulated by the parties, "a deposition is limited to 1 day of 7 hours." (Fed. R. Civ. P. 30(d)(1).) Most importantly, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps <u>to avoid imposing undue burden or expense on a person subject to the subpoena</u>." (Fed. R. Civ. P. 45(c)(1), emphasis added.) "**The issuing court must enforce this duty** and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." (Id., emphasis added) This is especially important when discovery is sought from nonparties as strong considerations exist to protect such nonparties from **harassment** or **inconvenience**. (<u>Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.</u> (9th Cir. 1980) 649 F.2d 646, 649.) Again, the court previously ordered that Mrs. Wong had the right to move to limit the deposition subpoena for her. (Exhibit F at 2:10-11.)

Here, the court issued on January 18, 2012 an order allowing Hard Drive to depose Mrs. Wong **as a nonparty** for 90 minutes in this action. (Exhibit F.) The court's order, however, was issued

1 before Mrs. Wong filed her declaratory relief action on January 30, 2012, and which named Hard
2 Drive as a defendant. (Action number C 12-00469 HRL, Docket 1.) Mrs. Wong's action seeks
3 declaratory relief that she is not liable to Hard Drive for its claims of copyright infringement. (Exhibit
4 C at 11:24-13:8 (¶¶ 93-106).) These are the same claims of copyright infringement that Hard Drive is
5 prosecuting in this action. (Docket 1 at 1:19-23 (¶ 1).) Contrary to Hard Drive's public claims to the
6 court that it does not know who infringed its purported copyrighted work, in nonpublic
7 communications outside of the court's presence, it has continually asserted that Mrs. Wong is liable to
8 Hard Drive and has further demanded settlement funds from her. (Exhibit C at 12:1-26 (¶¶ 94-102).)
9 Indeed, as of January 18, 2012, it was still demanding $3,000 from Mrs. Wong to settle Hard Drive's
10 claims against her. (Exhibit C at Exhibit D.) Given that an actual controversy exists, Mrs. Wong had
11 no choice but to prepare her complaint for declaratory relief, and which she subsequently filed against
12 Hard Drive to protect her rights.

13 Given that both these actions involve Hard Drive and its purported copyright of its adult video,
14 Hard Drive is now entitled to depose Mrs. Wong in her action as a party for up to 7 hours in 1 day.
15 Her deposition as a nonparty in this action is no longer necessary. If the court allows Hard Drive to
16 depose her as a nonparty in its case, and as a party in her case, Mrs. Wong will incur undue burden and
17 expense in having to travel to, and to miss two days of work to sit for two depositions involving the
18 same issues. Additionally, Hard Drive will gain a litigation advantage in being able to depose
19 Mrs. Wong before the conference in her case.

20 In contrast, delaying Mrs. Wong's deposition until after the parties complete the conference in
21 her case does not prejudice Hard Drive at all. The case management conference in Mrs. Wong's case
22 is presently set for April 17, 2012. Moreover, the court recently continued the case management
23 conference in this action to April 16, 2012. (Docket 13.) All Mrs. Wong is asking the court to do here
24 is to continue her deposition for approximately 2 months until the parties have agreed to a discovery
25 plan in her action. Once the discovery plan is agreed upon, Hard Drive has the right to depose her for
26 up to 7 hours in 1 day at a date and time which are mutually convenient to the parties and their counsel.

27 Furthermore, delaying the deposition of Mrs. Wong in this case is proper. One of the issues she
28 has raised is that Hard Drive's purported copyright is invalid and needs to be stricken. (Exhibit C at

1  10:20-11:23 (¶¶ 80-92).) A protective order to stay or limit discovery to particular issues, or to order that discovery be conducted in a certain sequence is proper, especially when the jurisdiction of the case is challenged. (Tradebay, LLC v. eBay, Inc. (D.Nev. 2011) 2011 WL 6182039, *2—where the opposing party will not suffer any prejudice if the court grants a brief stay until the preliminary issue of jurisdiction is resolved, a discovery stay is proper; see also E & J Gallo v. Proximo Spirits, Inc. (E.D.Cal. 2010) 2010 WL 3386481, *1—discovery limited to issue of subject matter jurisdiction.)

Prior to filing her motion, Mrs. Wong attempted to resolve the date and timing of her deposition by requesting it occur after the conference in her action. (Yuen Decl. at 2:20-22 (¶ 8), 3:3-4 (¶ 9) & 3:11-13 (¶ 11).) Hard Drive's counsel, however, refused to agree to such a continuance and insisted that the deposition occur on its unilaterally set date of February 14th despite the invalid service of its subpoena. (Id., at 2:24-3:2 (¶ 8) & 3:17-21 (¶ 12).) As such, Mrs. Wong respectfully requests the court modify its prior order allowing her deposition to be taken as a nonparty for up to 90 minutes so that any such deposition coincides with, and occurs concurrently with the deposition in her action.

## C. CONCLUSION

Based on all the information stated herein, and in her supporting papers, Mrs. Wong respectfully requests the court to quash Hard Drive's deposition subpoena that was invalidly served upon her due to its failure to simultaneously tender Rule 45 fees. Mrs. Wong further respectfully requests the court to issue a protective order to continue her deposition so that it coincides with, and occurs concurrently with the deposition in her action, the date and time of which is to be mutually agreed upon by the parties and their counsel.

DATED: February 13, 2012

MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By _____
Steven W. Yuen
Attorneys for Plaintiff
LIUXIA WONG
In Case No. C 12-00469 HRL

SWY.20362026.doc

1

# CERTIFICATE OF SERVICE

2   I, Shannon R. Young, declare:

3   I am a citizen of the United States, am over the age of eighteen years, and am not a party to or
4   interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San
5   Francisco, California 94108-5530.

6   On February 13, 2012, I served the following document(s) on the parties in the within action:

7   **LIUXIA WONG'S NOTICE OF MOTION, AND MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER**
8

|  |  |
|---|---|
|  | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|  | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|  | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|  | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| XX | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

19  Brett L. Gibbs                           Attorney For Plaintiff
    Prenda Law Inc.                         HARD DRIVE PRODUCTIONS, INC.
20  38 Miller Avenue, #263
    Mill Valley, CA  94941

21  I declare under penalty of perjury under the laws of the United States of America that the
22  foregoing is true and correct. Executed on February 13, 2012.

23
                                /s/ Shannon R. Young
                        By _____
24                              Shannon R. Young

25

26

27

28

LIUXIA WONG'S NOTICE OF MOTION, AND MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER
C 11-05630 YGR – PAGE 8