Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Plaintiff
LIUXIA WONG
In Case No. C 12-00469 HRL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| HARD DRIVE PRODUCTIONS, INC., | Case No.: C 11-05630 YGR |
|---|---|
| Plaintiff, | **DECLARATION OF STEVEN W. YUEN IN SUPPORT OF LIUXIA WONG'S MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER** |
| v. | |
| JOHN DOE, | Date: March 20, 2012 |
| Defendant. | Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor<br>File Date: November 21, 2011<br>Trial Date: None |

I, Steven W. Yuen, declare that:

1. I am an attorney duly licensed to practice in all courts of the State of California and in the United States District Court, Northern District of California, and am a senior associate with the law firm of Murphy, Pearson, Bradley & Feeney, attorneys of record for plaintiff Liuxia Wong in action number C 12-00469 HRL. I have personal knowledge of the information set forth herein below, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of Hard Drive Productions, Inc.'s (hereafter "Hard Drive") complaint, action number C 11-01957 JCS.

3. Attached hereto as Exhibit B is a true and correct copy of Hard Drive's ex parte application for expedited discovery in action number C 11-01957 JCS.

1  4. Attached hereto as Exhibit C is a true and correct copy of Mrs. Wong's complaint, action number C 12-00469 HRL.

5. Attached hereto as Exhibit D is a true and correct copy of Hard Drive's ex parte application for expedited discovery in action number C 11-05630 YGR.

6. Attached hereto as Exhibit E is a true and correct copy of Hard Drive's deposition subpoena for Mrs. Wong that I received by e-mail on February 1, 2012, and by mail on February 3, 2012. No fees accompanied either of these deposition subpoenas.

7. On August 1, 2011, I had transmitted to Hard Drive's counsel a letter that my client was denying all of its claims as alleged in Hard Drive's complaint.

8. Prior to the receipt of Hard Drive's deposition subpoena for Mrs. Wong, I met and conferred with its counsel Brett Gibbs. Before January 19, 2012, I offered the declaration of Mrs. Wong executed under penalty of perjury attesting that (1) she did not download the movie, (2) she did not tell anyone else to download the movie for her, and (3) she did not know anyone else was using her computer or network equipment to download the movie. On January 19, 2012, I also offered the declaration of Mrs. Wong executed under penalty of perjury attesting that (1) she does not know who downloaded the movie, and (2) that her internet service provider set up her wi-fi equipment. In response to my offer that same day, Mr. Gibbs stated that both declarations were unacceptable, demanded that I convey the $3,000 settlement demand to my client in order for her to avoid this "costly deposition," which I had already done, and provide him with a date for Mrs. Wong's deposition. On January 23, 2012, I notified Mr. Gibbs that the date for my client's deposition could be determined after the parties completed the initial disclosures and Rule 16 pretrial conference in my client's action. I confirmed that I would accept service of the deposition subpoena on Mrs. Wong's behalf. I never agreed that I would waive the mandatory fees required by Rule 45. I also inquired as to whether Hard Drive would agree to waive service of my client's summons. In response that same day, Mr. Gibbs informed me that I did not understand the process, because the court had issued an order allowing her deposition to proceed as a nonparty, that Hard Drive would not waive service of summons, that my request for the determination of Mrs. Wong's deposition after the Rule 16

///

DECLARATION OF STEVEN W. YUEN IN SUPPORT OF LIUXIA WONG'S MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER
C 11-05630 YGR – PAGE 2

conference was incomprehensible, and that he would unilaterally set Mrs. Wong's deposition to occur at his convenience.

9. On February 2, 2012, I requested Mr. Gibbs and his assistant Angela Van Den Hemel to continue her deposition to occur after the Rule 16 conference in my client's case.

10. On February 6, 2012, I spoke with John Steele and left a voicemail message for Patrick Duffy, both of whom are affiliated with Mr. Gibbs' firm since Mr. Gibbs had informed me on January 31, 2012 that he would be out of the office starting this date but that I could continue to e-mail him. After receiving this notice, in addition to e-mailing Mr. Gibbs, I always either notified his assistant or Mr. Steele.

11. On February 9, 2012, I requested Mr. Gibbs and Mr. Steele to withdraw Hard Drive's deposition subpoena for Mrs. Wong as a nonparty. I again requested them to continue her deposition until after the Rule 16 conference in my client's case had occurred. I made this request so that my client would only have to be deposed once instead of twice.

12. On February 10, 2012 at approximately 12:56 p.m., I notified Mr. Gibbs and Mr. Steele that I would proceed with a motion to quash due to ineffective service, and for a protective order given the looming February 14th deposition date. I further notified them that Mrs. Wong would not be appearing for her deposition due to the ineffective service. In response that same day but after office hours, Mr. Gibbs notified me that Hard Drive intended to proceed with Mrs. Wong's deposition set for February 14th, and that there was no ineffective service of the subpoena. He further notified me that if my client did not appear, he would bring contempt proceedings, and seek monetary sanctions against Mrs. Wong.

13. Attached hereto as Exhibit F is a true and correct copy of the court's January 18, 2012 order in action number C 11-05630 YGR.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2012.

/s/ Steven W. Yuen

Steven W. Yuen

SWY.20362033.doc

# CERTIFICATE OF SERVICE

I, Shannon R. Young, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On February 13, 2012, I served the following document(s) on the parties in the within action:

**DECLARATION OF STEVEN W. YUEN IN SUPPORT OF LIUXIA WONG'S MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER**

|   |   |
|---|---|
|   | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|   | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|   | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|   | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                      Attorney For Plaintiff
Prenda Law Inc.                                  HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263                       Case Number 4:11-cv-05630-RS
Mill Valley, CA 94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2012.

By /s/ Shannon R. Young
    Shannon R. Young

DECLARATION OF STEVEN W. YUEN IN SUPPORT OF LIUXIA WONG'S MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER
C 11-05630 YGR – PAGE 4