Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | **Case No. 11-CV-5630 RS** <br><br> **PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY TO IDENTIFY JOHN DOE** |

**Exhibit D**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 5

LEGAL STANDARD .............................................................................................................. 6

ARGUMENT ............................................................................................................................ 7

    I.   PLAINTIFF HAS GOOD CAUSE FOR TAKING DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE BECAUSE IT NEEDS TO LEARN THE TRUE IDENTITY OF THE INFRINGER ................................................................................. 7

    II.  PLAINTIFF'S PROPOSED SUBPOENA IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF THE INFRINGER'S IDENTITY AND MINIMIZE THE BURDEN PLACED ON MS. WONG ......................................................... 11

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

Aff. in Supp. of Mots. to Dismiss, Mot. to Quash, & General Defenses, *First Time Videos, LLC v. Does 1–500*, No. 1:10-cv-06254 (N.D. Ill. Mar. 31, 2011), ECF No. 99 ...................... 15

Aff. in Supp. of Mots. to Dismiss, Mot. to Quash, & General Defenses, *Hard Drive Prods., Inc. v. Does 1–46*, No. C-11-01959 EMC (N.D. Cal. June 6, 2011), ECF No. 11 ................... 15

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F. Supp. 2d 1040 (N.D. Cal. 2011) .................... 8, 9

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ................................................................................ 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................. 12

*Carnegie Mellon University v. Marvell Technology Group*, No. C11-80078, 2011 WL 2135103 (N.D. Cal. May 27, 2011)............................................................................... 9

*Columbia Ins. Co. v. SeesCandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999) .............................. 8, 10, 11

*Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992)..................................................................... 10

*Diabolic Video Productions, Inc. v. Does 1–2099*, No. 5:10-cv-05865-PSG (N.D. Cal. May 31, 2011), ECF No. 16 .......................................................................................... 6, 8, 11

*Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996) ...................................... 10

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) ........................................................ 9, 10, 11

*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978) .................................................................. 10

*In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006)............................ 16

*IO Group, Inc. v. Does 1–65*, No. C 10–4377 SC, 2010 WL 4055667 (N.D. Cal. Oct. 15, 2010)............................................................................................................................ 9

*Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980) .................................................................... 10

Mot. to Quash Order Granting Pl.'s Application for Leave to Take Disc. Prior to Rule 26(f) Conference With Extended Joinder Discussion, *Hard Drive Prods., Inc. v. Does 1–46*, No. C-11-01959 EMC (N.D. Cal. June 7, 2011), ECF No. 12 .............................................. 15

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).................................................... 8

*Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979) .................................................................................. 10

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) ............................. 8

*United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) ................. 18, 19

*United States v. Procter & Gamble*, 356 U.S. 677 (1958) ................................................................. 10

*Viacom Intern., Inc. v. YouTube, Inc.*, No. C-08-8021, 2009 WL 102808 (N.D. Cal. Jan. 14, 2009) .................................................................................................................................. 14

*VPR Internationale v. Does* 1–1017, No. 2:11-cv-02068-HAB-DGB (C.D. Ill. Apr. 29, 2011), ECF No. 15 .......................................................................................................... 11

*Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999) ............................................................. 10, 11

**Other Authorities**

Fed. R. Civ. P. 45 advisory comm. notes (2006 amend.) ................................................................. 14

Rothstein et al., *Managing Discovery of Electronic Information: A Pocket Guide for Judges*, Federal Judicial Center (2007) ................................................................................................ 14

Sedona Conference Commentary on Non-Party Production & Rule 45 Subpoenas, 9 SEDCJ 197 (Fall 2008) .................................................................................................................... 14, 16

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................................... 19

Fed. R. Civ. P. 16 ................................................................................................................................. 7

Fed. R. Civ. P. 26 ...................................................................................................................... 7, 8, 19

Fed. R. Civ. P. 45 ............................................................................................................. 9, 17, 18, 19

Fed. R. Civ. P. 45(3)(A) .................................................................................................................... 19

Fed. R. Evid. 401 ................................................................................................................................. 8

# INTRODUCTION

Plaintiff Hard Drive Productions, Inc. ("Plaintiff") asks this Court to authorize service of a deposition subpoena on Luxia Wong—the account holder of Internet Protocol ("IP") address 76.126.48.155. This subpoena would assist Plaintiff in determining the identity of the anonymous copyright infringer in this case.

This additional information is most commonly ascertained via an informal meet and confer with the account holder. In some cases, the account holder is able to offer a credible explanation for why they are not the infringer and is even able to identify the likely infringer. For example, a landlord may have a tenant who was known to have been engaged in infringing activity. In other cases, an account holder has no credible exonerating excuse. For example, an individual who fits the demographic profile of a traditional infringer of Plaintiff's works and who lives alone is likely to be an infringer. In a final category of cases, an account holder actively evades all of Plaintiff's attempts to meet and confer. When an account holder, and/or their attorney, actively evades all of Plaintiff's attempts to meet and confer, Plaintiff has no choice but to move the Court for a deposition subpoena.

Plaintiff believes that a deposition under oath is the least intrusive and most reasonable way for Plaintiff to investigate the infringer's identity. Even if Ms. Wong did not download and distribute Plaintiff's copyrighted video herself, the infringing activity occurred over her network and the equipment she controls. At this point, Ms. Wong is the *only*[1] person (currently known to Plaintiff) with information that can allow Plaintiff to identify the actual infringer and permit service of process on that individual. The Court should grant this motion because Plaintiff cannot proceed in this action without ascertaining the likely infringer's identity and because Plaintiff's deposition is reasonably calculated to reveal the infringer's identity.

---

[1] While Plaintiff's attorney has had minimal contacts with Ms. Wong's attorney, ultimately, Ms. Wong's attorney has failed to provide Plaintiff with any information backing up his client's denial of the claims in this case. Additionally, all attempts by Plaintiff's attorney to gain informal discovery from Ms. Wong has been effectively prevented by Ms. Wong's attorney's failure to respond to Plaintiff's requests. This is why Plaintiff is required to come to the Court with this Application.

Plaintiff hereby moves the Court *ex parte* for an Order granting Plaintiff leave to serve a deposition subpoena on Ms. Wong. In light of Ms. Wong's refusal to meet and confer with Plaintiff, Plaintiff's case for copyright infringement cannot proceed without this subpoena.

## LEGAL STANDARD

The legal standard for Plaintiff's motion is governed by: (1) this Court's broad authority to manage the discovery process under Fed. R. Civ. P. 26(f); (2) the procedural limitations placed on both *ex parte* and regular discovery by the Federal Rules of Civil Procedure; and (3) the procedural requirements under Fed. R. Civ. P. 45 for compelling the appearance of a non-party for purposes of taking the non-party's deposition, obtaining production of the non-party's documents and electronic information, and permitting inspection of the non-party's premises.

First, the Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(d); *id.* 16(b)(3)(B); *id.* 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id.* 26(d)(1). Courts within the Ninth Circuit generally use the "good cause" standard to determine when discovery prior to a Rule 26(f) conference should be permitted. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (citing *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Under the "good cause" standard, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

Second, the scope and limitations are the same for the *ex parte* discovery as they are for the regular discovery and are set forth by the Federal Rules of Civil Procedure and Evidence. In relevant part, Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Rule 26(b)(1) further provides that "the court may order discovery of any matter relevant to the subject matter involved in the action.

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevant evidence is defined under Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevancy to a subject matter is further interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Finally, subject to the standards described above, Fed. R. Civ. P. 45 sets forth the procedure for compelling the appearance of a non-party for purposes of taking the non-party's deposition. Fed. R. Civ. P. 45; *see also Carnegie Mellon University v. Marvell Technology Group*, No. C11-80078, 2011 WL 2135103, at *1 (N.D. Cal. May 27, 2011) (discussing scope of discovery of the Rule 45 subpoena).

## ARGUMENT

The Court should grant Plaintiff's request for limited *ex parte* discovery and authorize Plaintiff to serve subpoenas on Ms. Wong because Plaintiff needs to learn the identifying facts necessary to permit service on the infringer. Plaintiff's subpoena is clearly reasonably calculated to lead to the discovery of that information, and narrowly tailored to be the least intrusive to her. This process will be carried out in a manner that avoids placing undue burden or expense on Ms. Wong. In deposing Ms. Wong, Plaintiff will pay Ms. Wong both the attendance fees and mileage costs required under Fed. R. Civ. P. 45(b)(1), and will hold the deposition within 100 miles of her residence, employment, or the place where she regularly transacts business in person under Fed. R. Civ. P. 45(c)(3)(ii).

### I. PLAINTIFF HAS GOOD CAUSE FOR TAKING DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE BECAUSE IT NEEDS TO LEARN THE TRUE IDENTITY OF THE INFRINGER

Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery prior to a Rule 26(f) conference. *See, e.g., Apple Inc.*, 768 F. Supp. 2d 1040 at 1044; *IO Group, Inc. v. Does 1–65*, No. C 10–4377 SC, 2010 WL 4055667, at *2 (N.D. Cal.

Oct. 15, 2010). When the identities of defendants are not known before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff has good cause to learn the identity of an unknown defendant through early discovery, courts examine whether plaintiff: (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court; (2) has recounted the steps it has taken to locate and identify the defendant; and (3) has demonstrated that the action can withstand a motion to dismiss. *Columbia Ins. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999).

Additionally, courts in the Ninth Circuit have generally recognized a duty on their part to assist plaintiffs in their quest for defendant's true identities. *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants.")). In fact, federal courts across the country routinely and virtually universally allow *ex parte* discovery to identify unknown defendants. *See, e.g.*, *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."); *see also id.* at 555 n.3 (collecting cases); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (finding error in district court's denial of a plaintiff's motion to join an unknown defendant where identity of the defendant could have been determined through discovery); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978)). This is because the very purpose of discovery is to

8
PLAINTIFF'S APPLICATION TO TAKE EXPEDITED DISCOVERY    No. 11-CV-5630 RS

make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).

### A. Plaintiff Has Identified John Doe with Sufficient Specificity that the Court Can Determine that the Defendant is a Real Person Who can be Sued in Federal Court

Plaintiff has already ascertained the IP address used to commit the copyright infringement—76.126.48.155—and the account holder associated with that IP address—Ms. Luxia Wong. There is no doubt that someone infringed on Plaintiff's copyrighted work through the IP address associated with Ms. Wong. However, instead of blindly naming Ms. Wong as a defendant based solely on the fact that she is the IP address account holder, Plaintiff seeks discovery to gather evidentiary support for its contentions that either Ms. Wong, or someone else, for instance, in her household, committed the alleged infringement. This Court should follow the well-established precedent of the Ninth Circuit and allow Plaintiff to take its limited discovery aimed at establishing the true identity of an unknown defendant. *See Wakefield*, 177 F.3d at 1163; *Gillespie*, 629 F.2d at 642.

### B. Plaintiff Has Exhausted All Other Means of Discovery to Identify John Doe

Second, Plaintiff has exhausted all other discovery options in attempting to identify the infringer. Plaintiff issued a subpoena to Ms. Wong's ISP to determine the account holder of the IP address associated with the copyright infringement. Once Plaintiff learned the accountholder was Ms. Wong, Plaintiff attempted to contact Ms. Wong, and her attorney, regarding this matter to further determine the identity of the infringer. While this process is often sufficient to determine the identity of the unknown infringers, Ms. Wong and her attorney were not forthcoming with the necessary information. As some courts in this District have noted, "the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best." *Diabolic Video Productions, Inc.*, No. 5:10-cv-05865-PSG, at 5 (quoting *VPR Internationale v. Does* 1–1017, No. 2:11-cv-02068-HAB-DGB, at 2 (C.D. Ill. Apr. 29, 2011), ECF No. 15). Accordingly, Plaintiff must conduct additional limited *ex parte* discovery to determine who should be named as the defendant in this case. Without this discovery from Ms. Wong, Plaintiff

cannot be certain if Ms. Wong is the defendant who should be named and served with process, or merely the sole material witness in possession and control of relevant information that is necessary to prove Plaintiff's claim of copyright infringement. Moreover, the information that Plaintiff seeks from Ms. Wong is not duplicative or available from any other source at this time. Discovery from Ms. Wong is the only way Plaintiff may be able to discover the true identity of the person who has infringed its copyrights.

### C. This Action Can Withstand a Motion to Dismiss

Third, Plaintiff has alleged sufficient information in its complaint and accompanying documents to survive a motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff has alleged that it owns the copyrighted work at issue in this case (Compl. ¶¶ 3-4), that the copyright to this work has been violated (*id*. ¶¶ 25-31), and that Ms. Wong is associated with the IP address shown by her ISP to have engaged in unauthorized distribution of this copyrighted work. (Compl. ¶ 5.) Taken as true—as required on a motion to dismiss—these allegations are sufficient to establish a *prima facie* case of copyright infringement.

Because an unknown defendant associated with an IP address is a real person who can be sued in federal court, because Plaintiff has exhausted all other possible avenues of discovery, and because Plaintiff's suit can withstand a motion to dismiss, Plaintiff has demonstrated "good cause" for expedited discovery. This Court should therefore grant Plaintiff's request to take limited *ex parte* discovery to learn the identity of the actual infringer in this case. Issuing a Rule 45 subpoena directed at Ms. Wong is the next logical and proper step in this litigation because deposing Ms. Wong is reasonably calculated to discover the true identity of the infringer.

## II. PLAINTIFF'S PROPOSED SUBPOENA IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF THE INFRINGER'S IDENTITY AND MINIMIZE THE BURDEN PLACED ON MS. WONG

Plaintiff merely seeks to depose Ms. Wong. This request is reasonable under the circumstances because the deposition is the most effective and efficient method of ascertaining the information Plaintiff seeks and the burden on the deponent, Ms. Wong, is minimal. In the interests of judicial economy, Plaintiff asks this Court to authorize subpoenas for this single, straightforward, unintrusive discovery device.

Plaintiff seeks to depose Ms. Wong because this is an obvious and cost-effective path to learn the identity of the infringer from Ms. Wong or, at the very least, relevant information that may lead to the eventual discovery of the infringer's identity. During the deposition, Plaintiff intends to elicit facts about Ms. Wong's involvement, if any, with the unauthorized distribution of Plaintiff's video(s) via Ms. Wong's IP address; to learn about Ms. Wong's computers and network setup; to assess Ms. Wong's technical savvy; and to identify any other persons who had access to Ms. Wong computer and network.

Such depositions have been productive for copyright holder plaintiffs in similar cases. (*See, e.g., Hard Drive Productions, Inc. v. Does 1-188,* 3:11-cv-01566 JCS, ECF Nos. 33, 34). In *Hard Drive Productions*, for instance, the magistrate judge authorized a deposition subpoena. (*See id.* at ECF No. 33.) Plaintiff scheduled a deposition, the deponent appeared, and, after her deposition was taken, both parties agreed to a mutually beneficial settlement of the claims in that case. (*See id.* at ECF No. 34.) The deposition allowed the parties to avoid burdening the courts and themselves with unnecessary litigation. While there is no guarantee that such a result will take place here, at the very least, an order granting this motion will contribute towards moving this case towards a resolution.

Plaintiff has a duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to its subpoena. Fed. R. Civ. Proc. 45(c)(1). The subpoena process that Plaintiff proposes here fully complies with this duty because it seeks limited discovery in the least disruptive manner possible—that is, discovery through a single deposition that leaves Plaintiff bearing most of the financial burden of the discovery-related expenses involved.

Plaintiff seeks to minimize the burden on Ms. Wong to comply with a deposition subpoena. The deposition will take place within 100 miles of Ms. Wong's residence as indicated by the address received from Comcast. Plaintiff will schedule for the deposition at least 20 days forward from the date of the subpoena to allow Ms. Wong ample time to arrange for attendance. Additionally, Plaintiff will continue its attempts to meet and confer with Ms. Wong. Moreover, per Fed. R. Civ. P. 45(b)(1), Plaintiff will pay Ms. Wong's attendance fees and mileage as allowed by law. Rule 45 allows Ms. Wong to move this Court to quash or modify the subpoena without forcing her to litigate the merits of Plaintiff's case. *Id.* 45(c)(3)(A).

In contrast, naming Ms. Wong as a defendant would impose a much greater burden on her because she would be served with a complaint and forced to file an answer, appear and defend herself in this Court. Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 20 days after being served with the summons and complaint.") Further, if Ms. Wong is named as a defendant, she is not entitled to the special consideration afforded to third parties. Ms. Wong would have to bear the burden of discovery costs, including the costs of the production of documents and things. *See Columbia Broadcasting System, Inc.*, 666 F.2d at 672.

Under Plaintiff's discovery request, Ms. Wong will be afforded full notice and opportunity to appear and challenge any undue burden she believes the subpoena imposes upon her. Ms. Wong will be served with the subpoena personally under Fed. R. Civ. P. 45(b)(1). Ms. Wong may then assert any undue burden, privacy, and privilege objections she may have (as permitted under Fed. R. Civ. P. 45(3)(A)) and then move this Court to modify or quash the subpoena. Ms. Wong may move for a protective order under Fed. R. Civ. P. 26(c).

Because Plaintiff's request for discovery is reasonable under the circumstances, because it is reasonably calculated to lead to the discovery of infringer's identity, and because Plaintiff will conduct this discovery in a manner that avoids placing undue burden on Ms. Wong, the Court should authorize Plaintiff to issue a deposition subpoena to Ms. Wong.

## CONCLUSION

Plaintiff requests this Court to authorize a deposition subpoena that will aid Plaintiff in determining the true identity of the person who distributed Plaintiff's video without Plaintiff's authorization. Plaintiff seeks this Court's permission to issue one single subpoena directed to Ms. Wong, the account holder associated with the IP address from which Plaintiff's copyrighted videos were distributed. Plaintiff has good cause for taking this discovery prior to a Rule 26(f) conference: there are no parties with whom Plaintiff may confer, Plaintiff has exhausted all other discovery options available to it and further limited discovery from Ms. Wong is the only way Plaintiff can discover the true identity of the person who infringed on its copyright, Plaintiff's proposed subpoena is reasonably calculated to lead to the discovery of the infringer's identity and Plaintiff intends to execute the subpoena in a manner that avoids placing undue burden or expense on Ms. Wong. If not for Ms. Wong's actions to evade meeting and conferring with Plaintiff, this request would not be necessary.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: January 5, 2012**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc..
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

In addition, a copy was sent by U.S. Mail to:

Steven Yuen
Murphy, Pearson, Bradley & Feeney
88 Kearny Street, Suite 1000
San Francisco, CA 94108

*Attorney for Luxia Wong*

/s Angela Van Den Hemel

PLAINTIFF'S APPLICATION TO TAKE EXPEDITED DISCOVERY    No. 11-CV-5630 RS