**\*E-Filed 1/18/12\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C 11-5630 RS |
| Plaintiff, | **ORDER GRANTING LEAVE TO ISSUE DEPOSITION SUBPOENA** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

Plaintiff alleges that defendant "John Doe" infringed plaintiff's copyright in an "adult video" by downloading an unlawful copy from the internet. Plaintiff seeks leave to depose Liuxia Wang, an individual plaintiff previously discovered to be the account holder of the IP address from which the alleged infringement occurred. Because numerous scenarios exist under which IP addresses can be utilized to download internet content without the involvement or consent of the associated account holder, identification of an account holder does not equate to knowledge of the identity of the alleged infringer. Suits such as this one therefore present a potential for abuse, in that entirely innocent individuals may be caught up in litigation, and exposed to pressure to accept settlement demands, particularly given reputational interests that may be implicated by the nature of the material allegedly downloaded.

No. C 11-5630 RS
ORDER

**Exhibit F**

Conversely, however, copyright holders such as plaintiff have a legal right to invoke court protection against infringement, and there is no reason to doubt that large numbers of unauthorized downloads take place on an ongoing basis. In this instance, plaintiff has attempted to allay concerns of potential abuse by naming only one "Doe" defendant and by seeking only a single deposition, at least at this juncture. *Cf. Boy Racer, Inc. v. Does 1–52,* No. C 11–2329 PSG (N.D.Cal. Sept. 13, 2011) (withdrawing leave to take early discovery in light of plaintiff's subsequent disclosure of its intent to engage in further broad discovery efforts).

Under the circumstances here, the request to depose Wang Liuxia appears reasonably calculated to lead to the discovery of admissible evidence, and leave to issue a subpoena will be granted, without prejudice to Wang's rights under the Federal Rules to move to quash or limit the subpoena.[1]  The deposition shall be limited to a maximum of 90 minutes.[2]

IT IS SO ORDERED.

Dated: 1/18/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1]  Plaintiff's motion includes an argument that it more reasonable to take Wang's deposition than simply to name her as a defendant.  Given plaintiffs' admission that it lacks knowledge as to whether Wang is responsible for the alleged infringement, naming her as a defendant at this juncture would present a serious Rule 11 issue.  As such, the argument has the appearance of an improper threat.

[2]  Plaintiff asserts it learned Wang's identity through discovery undertaken in a prior action. Nothing in this order should be seen as an endorsement of the methods by which plaintiff obtained Wang's identity, or as a precedent for obtaining discovery into the identity of Doe defendants in cases like these through such incremental steps.