Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE <br><br> Defendant. | Case No.: C 11-5630 YGR <br><br> **PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER** |

## INTRODUCTION

Liuxia Wong ("Movant") filed, through attorney Steven Yuen, a motion to quash the deposition subpoena issued to Movant and a motion for a protective order. (ECF No. 15.) The deposition subpoena in question was served on Movant on February 1, 2012. (ECF No. 15-6.) The subpoena informed Movant that Plaintiff would depose her regarding her knowledge of who used her Internet account to infringe on Plaintiff's copyright work. (ECF Nos. 9, 10.) Movant argues that because Plaintiff failed to present Movant with the witness fees at the time it served Movant, the deposition subpoena is invalid. (ECF No. 15 at 3-5.) Because Plaintiff has withdrawn the deposition subpoena in favor of serving a new deposition subpoena in the future, complete with witness fees, Movant's motion to quash the subpoena is moot.

Movant further argues that the Court should grant her protective order request because Movant has filed a subsequent declaratory judgment action and Movant should not be subject to two potential depositions regarding the same subject matter. (*Id.* at 5-7.) Movant should not be allowed to avoid participating in the Court ordered deposition by filing a second action, especially when the

deposition in the subsequent action is not certain to occur and the subject matter of the two actions differs in material respects.

**FACTUAL BACKGROUND**

On November 21, 2011, Plaintiff brought this action against an unknown individual who infringed on Plaintiff's copyrighted work. (Compl., ECF No. 1.) While Plaintiff does not currently know who infringed on its copyrighted work, Plaintiff has ascertained the identity of the account holder of the Internet Protocol ("IP") address over which Plaintiff detected the infringement—Liuxia Wong ("Movant"). (*Id.* ¶ 1.) On January 6, 2012, Plaintiff filed an application for leave to issue a deposition subpoena to Movant in order to ascertain who used Ms. Wong's Internet account to infringe Plaintiff's copyrighted work. (ECF No. 9.) This deposition subpoena was necessary because Ms. Wong, through her attorney, actively evaded Plaintiff's attempts to informally meet and confer. The Court granted Plaintiff's discovery application on January 18, 2012, and granted Plaintiff leave to depose Movant in a ninety-minute deposition. (ECF No. 10.) Plaintiff served Movant with the deposition subpoena on February 1, 2012. (ECF No. 15-6.)

Movant filed a declaratory judgment action in this District against Plaintiff on January 30, 2012. *See* Compl., ECF No. 1, Amend. Compl., ECF No. 4, *Liuxia Wong v. Hard Drive Productions, Inc., et al.*, No. 12-0469 (N.D. Cal. Jan. 30, 2012) ("the declaratory judgment action"). In the declaratory judgment action Movant requests a declaration that Movant is not liable to Plaintiff for infringing its copyrighted works. *Id.*, ECF No. 4 ¶ 106. Plaintiff filed a Motion to Dismiss the Amended Complaint for declaratory judgment on February 5, 2012, arguing that Movant's declaratory judgment action should be dismissed because there is no case or controversy between Plaintiff and Movant as Plaintiff has repeatedly stated to Movant's counsel that it believes a third party, perhaps a member of Movant's household—and not Movant—is responsible for infringing Plaintiff's copyrighted work. *Id.*, ECF No. 8. Movant filed a motion to quash the subpoena issued to her in the present case claiming that the deposition subpoena was improperly issued and that the information Plaintiff seeks in its deposition can be ascertained during a deposition in the declaratory judgment action. (ECF No. 15.)

# ARGUMENT

This brief consists of two parts. Part I argues that Movant's motion to quash the deposition subpoena regarding the Rule 45 fees is moot because Plaintiff withdrew the subpoena when it received notification—for the first time via Movant's motion to quash—that the deposition fees were not included in the subpoena package served on Movant. Part II argues that the filing of a declaratory judgment action is not a basis for granting Movant a protective order.

## I. MOVANT'S MOTION TO QUASH REGARDING FEES IS MOOT

Movant argues that Plaintiff's deposition subpoena should be quashed because Plaintiff failed to tender the mandatory fees to Movant when Plaintiff served the subpoena on her. (ECF No. 15 at 3-5.) When Plaintiff learned of the omission, it promptly notified Movant's counsel to withdraw the subpoena. It bears mentioning that Movant's counsel could have saved the Court substantial resources by simply meeting and conferring with Plaintiff's counsel on Movant's specific objections, as is required under the Local Rules, prior to filing the motion to quash. Despite Plaintiff's counsel asking for that information from Movant's counsel before filing any motion, Movant's counsel instead chose to initiate this unnecessary filing.

## II. MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER BECAUSE THE DECLARATORY JUDGMENT ACTION CANNOT BE USED TO CIRCUMVENT THE COURT'S JANUARY 18 ORDER

Movant argues that because she filed a separate declaratory judgment action against Plaintiff, she should not have to participate in the deposition in the present case. (ECF No. 15 at 5-7.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movant's argument appears to be that because Plaintiff may have an opportunity to depose Movant during the declaratory judgment action, Movant would be unduly burdened if the second deposition was duplicative of the deposition in this action. (ECF No. 15 at 6.) This argument is deeply flawed for two reasons. First, Movant's later-filed declaratory judgment action should not be allowed to obstruct this earlier-filed action. Second, Movant's undue burden argument is premature.

///

### A. Movant's Declaratory Judgment Action Should not be Allowed to Obstruct This Earlier-Filed Action

Movant brought a declaratory action against Plaintiff only after the Court granted Plaintiff's deposition request and Plaintiff served its subpoena. *Compare* ECF No. 10 (dated January 18, 2012) and Compl., *Liuxia Wong v. Hard Drive Productions, Inc., et al.*, No. 12-0469 (N.D. Cal. Jan. 30, 2012), ECF No. 1. Movant should not be allowed to circumvent the Court's Order by filing a second action and subsequently claiming undue burden. *See Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1008 (8th Cir. 1993) (holding that where proceedings involving the same parties and issues are pending simultaneously in different federal courts, the first-filed of the two takes priority). Where actions are duplicative, the priority should go to the suit filed first. *See, e.g., Martin v. Graybar Elec. Co.,* 266 F.2d 202, 204 (7th Cir. 1959) ("Two simultaneously pending lawsuits involving identical issues and between the same parties . . . is certainly anything but conducive to the orderly administration of justice. We believe that it is important that there be a single determination of a controversy between the same litigants and, therefore, a party who first brings [an] issue into a court of competent jurisdiction should be free from vexation of concurrent litigation over the same subject matter…"). As the later-filed action, Movant's suit for declaratory relief should not be allowed to obstruct the proceedings in this action. To hold otherwise would promote the filing of collateral proceedings in an attempt to delay or destroy already-filed proceedings. This is especially true where, as here, the deposition in the later-filed action may never occur.

### B. Movant's Undue Burden Argument is Premature

Movant makes no attempt to demonstrate that a ninety minute deposition would impose an undue burden on her. Instead, Movant argues that she "will incur undue burden and expense in having to travel to, and to miss *two* days of work to sit for *two* depositions . . ." (ECF No. 15 at 6:16-18.) (emphasis added.) Movant's undue burden argument appears to focus on the burden resulting from sitting for a *second* deposition. But until Plaintiff seeks a second deposition, any undue burden argument relating to the second deposition is premature.

Movant filed a declaratory judgment action seeking a declaration that she is not liable for infringing on Plaintiff's copyrighted work—a point that has never been in dispute between Movant and Plaintiff. Plaintiff has filed a motion to dismiss Movant's declaratory action. *Liuxia Wong v. Hard Drive Productions, Inc., et al.*, No. 12-0469 (N.D. Cal. Feb. 5, 2012), ECF No. 8. Only if Movant's declaratory judgment action survives Plaintiff's motion to dismiss, is not otherwise settled or disposed of and Plaintiff elects to depose Movant will the issue of undue burden arising from a second deposition become ripe for adjudication. At this juncture, arguments regarding the undue burden of a prospective deposition are premature.

Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) Movant has failed to identify, much less discuss, any reason why the ninety-minute deposition requested by Plaintiff would impose an undue burden on her. Merely discussing the burden associated with a prospective discovery request is not a substitute for a showing of burden with respect to an *actual* discovery request. Moreover, it bears mentioning that the undue burden feared by Movant would be entirely self-induced. After all, it is Movant who elected to file an action for declaratory relief, knowing full well that the action might result in a potentially duplicative deposition. Nevertheless, the time for Movant to seek protective relief from a potentially duplicative deposition is when that deposition is requested, not before.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion to quash is moot because Plaintiff withdrew its subpoena when it learned of the omission of witness fees. Motion's motion for a protective order aims to improperly obstruct a currently-pending action and is prematurely brought.

///

///

///

///

Respectfully Submitted,

PRENDA LAW INC.

**DATED: February 27, 2012**

By:    /s/ Brett L. Gibbs
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

Respectfully Submitted,

PRENDA LAW INC.

**DATED: February 27, 2012**

By:   /s/ Brett L. Gibbs
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*