1  Aaron K. McClellan - 197185
   amcclellan@mpbf.com
2  Steven W. Yuen - 230768
   syuen@mpbf.com
3  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
4  San Francisco, CA 94108-5530
   Tel:   (415) 788-1900
5  Fax:   (415) 393-8087

6  Attorneys for Plaintiff
   LIUXIA WONG
7  In Case No. C 12-00469 YGR

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11 HARD DRIVE PRODUCTIONS, INC.,          Case No.: C 11-05630 YGR
                                          (Related to Case No. C 12-00469 YGR)
12         Plaintiff,
                                          **LIUXIA WONG'S REPLY TO HARD DRIVE**
13 v.                                     **PRODUCTIONS, INC.'S OPPOSITION TO**
                                          **MOTION TO QUASH DEPOSITION**
14 JOHN DOE,                              **SUBPOENA AND FOR PROTECTIVE**
                                          **ORDER**
15         Defendant.
                                          Date:        March 20, 2012
16                                        Time:        2:00 p.m.
                                          Judge:       Hon. Yvonne Gonzalez Rogers
17 ─────────────────────────────          Courtroom:   1, 4th Floor
                                          File Date:   November 21, 2011
18 AND ALL RELATED CASES.                 Trial Date:  None

19                    I.      **INTRODUCTION**

20        Hard Drive Productions, Inc. (hereafter "Hard Drive") is correct that Liuxia Wong's motion to

21 quash the deposition subpoena is moot since it has withdrawn its invalid subpoena.[1]  What is not moot

22 is Mrs. Wong's motion for a protective order.  Hard Drive argues that the court should deny

23 Mrs. Wong's motion for a protective order, because: (1) it was first in applying for expedited

24 discovery to take her deposition before she filed her action for declaratory relief of non-infringement

─────────────────────────────
[1] Hard Drive's argument that Mrs. Wong did not meet and confer with it prior to bringing her motion
to quash is specious.  Mrs. Wong met and conferred, but Hard Drive refused to withdraw its invalid
subpoena. (Exhibit G at p.1.)  Even after Hard Drive had withdrawn its first invalid subpoena, and
after Mrs. Wong had filed and served this motion for a protective order, Hard Drive served a second
subpoena for her deposition without conferring on the date. (Exhibit H at p.1; and Supplemental
Declaration of Steven W. Yuen at 2:6-7 (¶ 3).)

1  of copyright, (2) that the deposition in her action is not certain to occur, and (3) the subject matter of

2  these two actions differ in material respects.  None of these arguments, however, constitute any valid

3  grounds to deny Mrs. Wong's motion for a protective order as discussed herein.

4       Instead, Federal Rule of Civil Procedure 45(c)(1) expressly governs duplicative depositions to

5  require that the "party or attorney responsible for issuing and serving a subpoena must take reasonable

6  steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Hard Drive

7  argues, without citing to any authority, that it is not an undue burden to expense to subject Mrs. Wong

8  to two depositions, once as a nonparty in its action and once as a party in her action.  What is clearly

9  absent is any disclaimer by Hard Drive that it is only willing to depose her once.  Given the absence of

10  any disclaimer, it is apparent that Hard Drive's position is that it wants to depose Mrs. Wong's twice,

11  yet has failed to show any good cause why it should be entitled to exceed the 1 day deposition

12  maximum codified in Federal Rule of Civil Procedure 30(d)(1).

13       Moreover, as the court has issued an order relating these cases, Hard Drive would gain a

14  strategic advantage in deposing Mrs. Wong first.  Even then, given that Mrs. Wong has challenged the

15  subject matter jurisdiction of this case as to whether Hard Drive's work is copyrightable, discovery

16  related to this issue should proceed first as the court may lack subject matter jurisdiction over Hard

17  Drive's case in its entirety.

18       Most importantly, however, are the facts that Hard Drive failed to present to the court to obtain

19  an order to conduct expedited discovery against Mrs. Wong who was a non-party at the time.  Had

20  Hard Drive presented facts which are present in Mrs. Wong's declaratory relief complaint, the court

21  may have denied its ex parte application for expedited discovery in its entirety like other courts have.

22  As such, Mrs. Wong respectfully requests the court to issue a protective order to continue her

23  deposition so that it coincides with, and occurs concurrently with the deposition in her action, the date

24  and time of which is to be mutually agreed upon by the parties and their counsel.  Tellingly absent are

25  any facts that Hard Drive would be prejudiced if the court grants Mrs. Wong's motion.

26  ///

27  ///

28  ///

A.      **LEGAL ARGUMENT**

    1.      **Hard Drive's Unpersuasive and Inapposite Authority Fails to Support its Argument that a Protective Order Should Not Issue to Protect Mrs. Wong's Duplicative Deposition**

Hard Drive's argument that its ability to take Mrs. Wong's deposition in her declaratory relief action should not defeat the court's prior order in this action authorizing her deposition as a nonparty is unpersuasive and inapposite.  First, Hard Drive concedes that the facts in Northwest Airlines, Inc. v. American Airlines, Inc. (8th Cir. 1993) 989 F.2d 1002, 1008 and Martin v. Graybar Elec. Co., Inc. (7th Cir. 1959) 266 F.2d 202, 204 are different than those presented here.  (Opposition at 4:7-10— "proceedings involving the **same parties** and issues[2] are pending simultaneously in **different federal courts**,"; and at 4:10-13—"Two simultaneously pending lawsuits involving identical issues and between the **same parties**…")  Second, both cases fail to address the issue raised in Mrs. Wong's motion for a protective order—to prevent her from being deposed twice in these related cases.

    a.      **The Unpersuasive Northwest Airlines, Inc. Case is Inapposite as the Issues Presented Did Not Concern a Protective Order to Prevent a Duplicative Deposition**

In Northwest Airlines, Inc., Northwest filed suit first against American in the United States District Court for the District of Minnesota seeking a declaratory judgment that Northwest had lawfully hired at-will employees of American in the past, and could lawfully continue to hire such employees from American and other competitors in the future.  (Id., at 1003.)  Six weeks after Northwest's lawsuit was filed, American filed suit against Northwest in the United States District Court for the Northern District of Texas seeking permanent injunctive relief and damages for unfair competition and tortious interference with contractual relationships.  (Id., at 1004.)  The Eighth Circuit affirmed Northwest's motion to dismiss the Texas action since it filed first in Minnesota.  (Id., at 1003.)  The Eighth Circuit based its holding on the rule of concurrent jurisdiction in that "the first court in which jurisdiction attaches has priority to consider the case."  (Id., at 1005, citation omitted.) The Minnesota District Court further found that the Minnesota venue would be a more convenient forum than Texas as most of the witnesses were Minnesota residents.  (Id., at 1007.)

---

[2] While both Hard Drive's and Mrs. Wong's action relate to Hard Drive's purported copyrighted adult pornographic work, the remaining issues and relief sought in both actions are different.

None of the facts present in <u>Northwest</u> are present here.  First, while Hard Drive filed its action first, no identity of parties exist—Hard Drive has not sued Mrs. Wong.  Instead, based on a justiciable controversy existing between her and Hard Drive, Mrs. Wong had to file her declaratory relief action.  Hard Drive's citation to the first filed rule is also misplaced as the issue of dueling venue is not present here—both actions are filed in the Northern District of California, and the court has already issued an order relating these cases.  (Docket 16.)

> **b.    The Unpersuasive <u>Martin</u> Case is Inapposite as the Issues Presented Did Not Concern a Protective Order to Prevent a Duplicative Deposition**

Likewise, the <u>Martin</u> case is inapposite too for the same reason as the <u>Northwest</u> case is inapposite—there is no identity of parties in each action as Hard Drive has not sued Mrs. Wong.  The facts in <u>Martin</u> are no different from the facts in <u>Northwest</u>.  Specifically, plaintiff first sued defendant in Illinois District Court.  (<u>Martin</u>, 266 F.2d at 203.)  Six days later, defendant sued plaintiff in Iowa District Court.  (<u>Id</u>.)  Thus, it was undisputed that plaintiff's action was filed first.  (<u>Id</u>.)  Accordingly, the appellate court held that the district court erred when it refused to enjoin defendant's later filed action, and reversed the district court's order.  (<u>Id</u>., at 205.)

Again, there is no identity of parties in each of these actions.  Second, while the issue of Hard Drive's purported copyrighted adult pornographic work is the same, the issues of infringement and non-infringement are different.  As such, the first-filed rule is inapplicable to these related actions.

> **2.    Hard Drive's Ex Parte Application for Expedited Discovery to Take Mrs. Wong's Deposition Before the FRCP 26 Conference Willfully Omitted Crucial Relevant Facts**

Notably, Hard Drive failed to present crucial facts to the court to obtain an order to conduct expedited discovery against Mrs. Wong who was a non-party at the time.  In Hard Drive's ex parte application, it represented to the court that its position was that the "subpoena would assist Plaintiff in determining the identity of the **anonymous copyright infringer** in this case."  (Exhibit D at 4:4-5.)  Completely absent are the facts that Mrs. Wong has presented in her declaratory relief action.  Specifically, these facts consist of:  (1) Hard Drive's $3,400 July 13, 2011 settlement demand letter to Mrs. Wong, (2) Hard Drive's memo of law stating its position that she is liable to Hard Drive by being the account holder, and (3) its $3,000 January 18, 2012 settlement demand letter to her.  (Exhibit C at

1    Exhibit A, p.4, ¶¶ 9-12; Exhibit C at Exhibit B, p.3, ¶ 5;  9-12;  and Exhibit C at Exhibit D.)   Hard

2    Drive was clearly in possession of this relevant information supporting its position that Mrs. Wong was

3    liable to it for copyright infringement yet failed to disclose it to the court.  Had Hard Drive presented

4    these very relevant facts to the court, the court may have denied its ex parte application for expedited

5    discovery before any defendants were named similar to how other courts have ruled.  (Hard Drive

6    Productions, Inc. v. Doe (E.D. Cal. 2012) 2012 WL 90412, *2-3—Court denied expedited discovery to

7    depose account holder, citation omitted.)

8            Hard Drive's next argument that a 90 minute deposition would not unduly burden Mrs. Wong

9    fails for lack of any authority.  Hard Drive completely fails to address the authority that she submitted

10   in support of her motion for a protective order—that "[a] party or attorney responsible for issuing and

11   serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person

12   subject to the subpoena."  (Fed. R. Civ. P. 45(c)(1), emphasis added.)  Tellingly, Hard Drive's mere

13   argument that a second deposition of Mrs. Wong is premature at this point fails to address that under

14   rule 30(d)(1), it absolutely has the report to depose her, and that it has not waived this right.

15   (Opposition at 4:25-26.)  If the court is inclined to deny Mrs. Wong's motion, and allow Hard Drive to

16   depose her twice, then Hard Drive should have no objection to reimbursing Mrs. Wong for her costs

17   and attorneys' fees at a rate of $500 per hour to travel to and to defend her at a second deposition.

18          Moreover, Hard Drive's final cited authority of In re Yassai (Bankr. C.D. Cal. 1998) 225 B.R.

19   478, 484 actually supports the issuance of a protective order.  For example, the court held that

20   "[c]ommon examples of undue burden include: … excessive costs."  (Id.)  Given Hard Drive's right to

21   depose Mrs. Wong in her action, to be allowed to depose her as a non-party in these related cases

22   would cause her to incur excessive costs, such as attorneys' fees to travel round trip to attend and

23   defend her at her deposition.

24          Finally, Hard Drive's position that Mrs. Wong is not liable to it for copyright infringement is

25   contradicted by the documentary evidence that she has presented in support of her opposition to Hard

26   Drive's motion to dismiss, and will not repeat it here.  The relief that Mrs. Wong seeks in her action

27   goes beyond a declaration of non-infringement given the continuing demands that Hard Drive has put

28   ///

1  upon her.  As such, Mrs. Wong respectfully requests the court to issue a protective order as requested

2  herein.

3  **B.**     **CONCLUSION**

4         Based on all the information stated herein, Mrs. Wong respectfully requests the court to issue a

5  protective order to continue her deposition so that it coincides with, and occurs concurrently with the

6  deposition in her action, the date and time of which is to be mutually agreed upon by the parties and

7  their counsel.  Hard Drive has utterly failed to present any evidence that it would be prejudiced if the

8  court grants Mrs. Wong's motion.

9  DATED: March 5, 2012

                                    MURPHY, PEARSON, BRADLEY & FEENEY

10

11                                          /s/ Steven W. Yuen

12                                  By _____
                                       Steven W. Yuen
13                                     Attorneys for Plaintiff
                                       LIUXIA WONG
14                                     In Case No. C 12-00469 YGR

15  SWY.20371258.doc

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Shannon R. Young, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On March 5, 2012, I served the following document(s) on the parties in the within action:

**LIUXIA WONG'S REPLY TO HARD DRIVE PRODUCTIONS, INC.'S OPPOSITION TO MOTION TO QUASH DEPOSITION SUBPOENA AND FOR PROTECTIVE ORDER**

| | |
|---|---|
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                          Attorney For Plaintiff
Prenda Law Inc.                                         HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA  94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 5, 2012.

By ____/s/ Shannon R. Young_____
            Shannon R. Young