1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                  **NORTHERN DISTRICT OF CALIFORNIA**
7
8
9   **LIUXIA WONG,**                              **Case No.: 12-CV-469-YGR**

10            **Plaintiff,**                       **ORDER DENYING MOTION OF DEFENDANT
                                                  HARD DRIVE PRODUCTIONS, INC. TO DISMISS
11        **vs.**                                  AMENDED COMPLAINT**

12  **HARD DRIVE PRODUCTIONS, INC., ET AL.,**
13
             **Defendants.**
14

15          Plaintiff Liuxia Wong ("Wong") brings the instant action for declaratory relief based upon

16  alleged conduct of Defendant Hard Drive Productions, Inc. ("Hard Drive").  Wong alleges that

17  Hard Drive is harassing her to settle claims of purported infringement of Hard Drive's copyrighted

18  works.  Presently before the Court is Hard Drive's motion to dismiss on grounds that the First

19  Amended Complaint failed to allege facts to show that the Northern District of California is the

20  proper venue, failed to state a declaratory relief claim, and seeks relief that could be obtained in a

21  previously filed action, *Hard Drive Productions, Inc. v. Doe*, 11-CV-5630.  Having carefully

22  considered the papers submitted and the pleadings in this action, and for the reasons set forth

23  below, the Court hereby DENIES the motion.[1]

24

25

26  _____

27      [1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds
    that this motion, which has been noticed for hearing on April 17, 2012, is appropriate for decision without
28  oral argument.  Accordingly, the Court VACATES the hearing set for April 17, 2012.

United States District Court
Northern District of California

**SUMMARY OF ALLEGATIONS**

Wong filed this action on January 30, 2012, and filed her First Amended Complaint on January 31, 2012.  (Dkt. No. 4, hereinafter "FAC".)  In her FAC, Wong alleges that Hard Drive filed a prior action, *Hard Drive Productions v. Does*, Northern District Case No. 11-1957 (hereinafter, the "1957 Action") in which it alleged that it owned the copyright to an adult video entitled "Amateur Allure Jen," registered with the United States Copyright Office, and that 48 "Doe" defendants had infringed on that copyright by downloading the video from the internet. (*See* FAC ¶17, 22, 27).  In connection with the 1957 action, Hard Drive obtained subpoenas to identify the account holders of the IP addresses associated with the alleged illegal downloading, and Wong's internet service provider released her name, address and phone number to Hard Drive as a result.  (FAC ¶33, 45.)

Thereafter, Wong alleges, Hard Drive transmitted a letter to her, demanding that she settle the action for $3,400.  (FAC ¶46.)  The letter informed her that Hard Drive was prepared to commence a lawsuit against her if she did not settle, and that she was liable for copyright infringement merely by having an unsecured wireless network/router, even if she did not download the work, did not tell anyone else to download it, and did not know anyone was using her internet connection to download it.  (FAC ¶47-49.)  The letter included a "memorandum of law" laying out Hard Drive's legal position that an account holder is liable for copyright infringement committed by any person who uses the account holder's internet connection.  (FAC ¶97 and Exh. B, C.) She further alleges that Hard Drive contacted her by phone to seek a settlement in the 1957 Action. (FAC ¶55.)

Wong alleges that Hard Drive dismissed the 1957 Action without prejudice when the court raised issues and questions regarding the numerous, still-unnamed Doe defendants.  (FAC ¶59,

60.)  Wong also alleges that she notified Hard Drive that she denied all liability on two occasions, and requested that Hard Drive dismiss her with prejudice, but Hard Drive would not agree.  (FAC ¶62.)

Hard Drive filed a second action on November 28, 2011, Case No. 4:11-cv-5630, *Hard Drive Productions v. Doe* ("the 5630 Action"), for copyright infringement of the same video in the same manner as the 1957 Action.  In the 5630 Action, Hard Drive named just one Doe defendant, alleged that such defendant used a specific IP address, and that the address belonged to Wong. (See 5630 Action, Dkt. 1 at ¶1, 2.)  On January 9, 2012, in the 5630 Action, Hard Drive sought a subpoena to take Wong's deposition.  (FAC ¶70.)  Wong alleges, on information and belief, that Hard Drive did not name her in the 5630 Action purposefully in order to obtain expedited discovery as to an "anonymous" defendant.  (FAC ¶71.)  Wong offered to execute a declaration that she did not download the video, that she did not tell anyone else to download the video, and she did not know anyone else was using her internet connection to download the movie.  She alleges that Hard Drive rejected the declaration and demanded she pay a settlement of $3,000 in order to avoid going forward with the deposition.  (FAC ¶72-76.)  Wong thereafter filed the instant action against Hard Drive.

Wong seeks a declaration that she is not liable to Hard Drive for copyright infringement. With respect to the merits of the underlying actions, Plaintiff alleges that Hard Drive is not entitled to recover any statutory damages because the alleged infringement took place more than three months after the work was first published (March 3, 2010), and before Hard Drive registered the work with the Copyright Office (April 22, 2011).  (FAC ¶31, 53.)  Thus, per 17 U.S.C. §412, neither statutory damages or attorneys' fees are available for alleged infringement on March 28, 2011.  (FAC ¶31.)  She further alleges that Hard Drive's work is not copyrightable under Article 1,

Section 8, Clause 8 of the United States Constitution because it is pornography, which is not a work that promotes the progress of science and the useful arts.  (FAC ¶80-92.)

With respect to jurisdiction, Wong alleges that she resides in Solano County (and therefore within the Eastern District of California) and that despite Defendant knowing that she resides there, it filed the 5630 Action in the Northern District.  (FAC ¶2, 66.)  She alleges that Hard Drive is an Arizona corporation with a principal "place of residence" in Maricopa County, and is doing business worldwide, including in the State of California and in San Francisco and Solano counties. (FAC ¶3.)  She alleges that the court has personal jurisdiction over Hard Drive because Hard Drive submitted itself to the jurisdiction of this court when it filed the 5630 Action and the 1957 Action. (FAC ¶¶9, 10.)

Finally, as regards venue, Plaintiff alleges that, pursuant to 28 U.S.C. §1400(a), venue is proper both in the Eastern and Northern Districts of California.  It is proper in the Eastern District because Hard Drive claimed that she infringed on its copyright by downloading its work where she resides.  (FAC ¶12.)  It is proper in the Northern District because Hard Drive filed the prior actions here, and it is this conduct that created the controversy as to which she seeks declaratory relief. (FAC ¶13.)

## DISCUSSION

Hard Drive brings the instant motion on several grounds.[2]  Hard Drive argues that Plaintiff fails to state a claim for declaratory relief because there is no current controversy between the parties with respect to Wong's liability for copyright infringement.  Hard Drive further argues that Wong has not established that venue is proper in the Northern District of California, and therefore

---

[2] Although Hard Drive does not specifically state, the Court presumes that the motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). The Court notes that Defendant did not move, in the alternative, for transfer of venue pursuant to 28 U.S.C. §1404(a), nor does it appear, at this time, that such a transfer would be warranted.

4

that dismissal is appropriate.  Finally, Hard Drive contends that its own pending copyright infringement action, the 5630 Action, concerns the same issues and was the first filed, making this later action duplicative and subject to dismissal.  The Court addresses each basis in turn.

## I.   MOTION TO DISMISS FOR FAILURE TO STATE CLAIM FOR DECLARATORY RELIEF

Hard Drive contends that the Court should dismiss Wong's complaint because she fails to identify a claim or controversy and therefore is not entitled to declaratory relief.  Wong contends that she has not infringed on Hard Drive's copyright and Hard Drive says that it is not alleging she has.  Hard Drive's complaint in the 5630 Action does not state that Wong infringed on its copyright, but instead alleges that the infringement was by an unidentified individual and several co-conspirators who used Wong's IP address.  Hard Drive goes on in its motion to say that "at this point, Hard Drive has only asked to depose [Wong] in order to identify the actual infringer," and "Hard Drive's counsel made it abundantly clear that Hard Drive did not believe that Ms. Wong, in light of the nature of Hard Drive's content, was plausibly the infringer." (*Id.* at 2:27-3:1, 5:8-11.)

The purpose underlying the availability of declaratory relief in the federal courts is "to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure-or never." *Societe de Conditionnement v. Hunter Engineering Co.,* 655 F.2d 938, 943 (9th Cir.1981), cited with approval in *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,  896 F.2d 1542, 1555 (9th Cir. 1989).  The complainant must still establish a case or controversy; that is, she must show that under all the circumstances of the case, there is a substantial controversy between parties having opposing legal interests, and the controversy is of sufficient immediacy to warrant declaratory relief.  *Id.* at 942.

An action seeking a declaration that plaintiff is not infringing on a copyright presents a case or controversy where there is a "real and reasonable apprehension" that plaintiff may be

United States District Court
Northern District of California

subject to liability.  *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007)

("reasonable apprehension" shown where lawyer threatened infringement suit at a meeting, wrote

a letter threatening "additional proceedings or litigation" and told counsel for the other party that

he would not give up his client's right to damages).  If a party has threatened another with suit,

there is generally a substantial and immediate controversy.  *Massa v. Jiffy Products Co.*, 240 F.2d

702, 705 (9th Cir. 1957).  Indeed, even where a party has stated that it has no plans to sue for

infringement, if its course of conduct demonstrates a preparedness and willingness to enforce its

rights otherwise, a case or controversy exists.  *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480

F.3d 1372, 1382-83 (Fed. Cir. 2007) (finding case or controversy established in claim for

declaratory relief regarding patent infringement), *cf. Crossbow Tech., Inc. v. YH Tech.*, 531 F.

Supp. 2d 1117, 1123 (N.D. Cal. 2007) (no case or controversy where written covenant not to sue

filed concurrently with the dismissal of claims).

 Here, counsel for Hard Drive: (1) filed its original action alleging that several Doe

defendants illegally downloaded its copyrighted video; (2) threatened to name Wong in that prior

action; (3) demanded a settlement from Wong in order to release her from liability on those claims;

(4) dismissed the multi-party action and immediately filed a new, nearly identical action against a

single Doe, specifically identifying Wong's IP address as the address used to download the video;

and (5) again demanded a settlement amount from Wong.  In the 1957 case, Hard Drive's counsel

sent Wong (who was *in pro per* at the time) a three-page legal memorandum stating in detail its

position that "[b]ased on an extensive review of applicable case law and secondary materials" any

defense that the wireless network owner was not aware of the copyright infringement would fail.

(FAC at Exh. B.)  The letter demanded a settlement and included a blank form release and

payment authorization.  (FAC at Exh. A, pg. 6-7.)  The import of the letter and memorandum were

United States District Court
Northern District of California

that Wong could be held liable, regardless of whether she was the "actual infringer" or whether the "actual infringer" used her internet connection without her knowledge.

In connection with the 5630 case, counsel for Hard Drive sent Wong's counsel an e-mail on January 18, 2012, stating that Hard Drive would accept:

> [a] $3,000 lump sum to voluntarily dismiss the case with prejudice and not pursue the court-authorized deposition. Additionally, we can set up the settlement to cover *any and all* individuals who may have used Ms. Wong's IP address to infringer on my client's copyrighted works. In other words, this settlement would cover members of Ms. Wong's household as well.

(FAC at Exh. D, emphasis in original.) The letter clearly implies that Wong herself is liable and settlement will release her from that liability.

Hard Drive's protestations in its motion that it is not seeking to hold Wong liable in the 5630 Action are all couched in qualifying "not now" and "not likely" language. Counsel's declaration in support of the motion states only that his client believed that Wong was not likely to be the actual infringer, and that he believed it was someone else in Ms. Wong's household who was the actual infringer in the 5630 Action. (Dkt. No. 8-1 Declaration of Brett L. Gibbs, ¶ 2.) There is no statement withdrawing its argument, made abundantly clear in connection with its prior settlement demands, that Wong would be vicariously liable even if the downloading had taken place without her knowledge on her internet connection. Despite its suggestions to the contrary, Hard Drive has not pointed to any written agreement not to seek to hold Wong liable for infringement.

Based upon the foregoing, the Court concludes that Plaintiff has alleged a real and reasonable apprehension that Hard Drive may seek to hold her liable for the alleged copyright infringement. The FAC alleges a viable claim for declaratory relief. The motion to dismiss for failure to state a claim is DENIED.

7

II.      MOTION TO DISMISS FOR IMPROPER VENUE

        Hard Drive further argues that the Court should dismiss the complaint because Wong has

failed to allege a proper basis for venue in the Northern District of California.  Failure to file in a

proper venue may be raised by motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil

Procedure.  Facts supporting venue may be shown by declaration, affidavit, or other evidence.

*Ziegler Chemical and Mineral Corp. v. Standard Oil Company*, 32 F.R.D. 241, 243 (N.D. Cal.

1962).  "Although the burden is on the plaintiff to demonstrate that the court has jurisdiction over

the defendant, in the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie

showing of jurisdictional facts to withstand the motion to dismiss.'"  *Brayton Purcell LLP v.*

*Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) ("*Brayton*"), *quoting Pebble Beach*

*Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006).  "Additionally, 'uncontroverted allegations in

[plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the

parties' affidavits must be resolved in [plaintiff's] favor.'"  *Id.*, *quoting Rio Props., Inc. v. Rio Int'l*

*Interlink,* 284 F.3d 1007, 1019 (9th Cir.2002).  The Court has broad discretion in resolving any

disputed issues of fact.  *Ziegler, supra*, 32 F.R.D. at 243.

        Venue for a claim under the Copyright Act is governed not by the general venue statutes,

but by 28 U.S.C. §1400(a).  The parties agree that this is the applicable statute for venue purposes

here.[3]  Section 1400(a) provides that actions "may be instituted in the district in which the

defendant or his agent resides or may be found."  28 U.S.C. §1400(a).  The statute has been

interpreted to mean that venue is proper as to a corporate defendant in any judicial district in which

---

        [3]  The Court notes that the claims here are for declaratory relief, not direct claims under the
Copyright Act.  However, as both parties assume in their motions that venue would be governed
by the venue statute applicable to Copyright Act claims, and the result would appear to be the
same regardless, the Court analyzes the venue question based upon 28 U.S.C. § 1400(a).

United States District Court
Northern District of California

personal jurisdiction would be proper if such judicial district were treated like a separate state.  *See Brayton, supra*, 606 F.3d 1124, 1126.

The Ninth Circuit has established a three-prong test for analyzing whether there are sufficient contacts to establish specific personal jurisdiction: (1) the defendant must purposefully direct activity or a transaction within the forum or with a forum resident, or must purposefully avail himself of the privilege of conducting activity within the forum; (2) the claim must arise out of or relate to the forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice.  *Brayton, supra*, 606 F.3d at 1128.  Purposeful direction may be shown by the defendant committing an intentional act, which is expressly aimed at the forum, and which causes harm that is suffered in, or that the defendant knows will likely be suffered in, the forum.  *Id., citing Calder v. Jones,* 465 U.S. 783 (1983).

In *Brayton*, the defendant law firm was alleged to have willfully copied the Brayton law firm's copyrighted material from its firm website.  Use of the material was sufficient to show that defendant was purposefully directing activities in the Northern District of California because defendant knew that Brayton was a resident of the Northern District at the time it allegedly took the material from Brayton's website, creating competition and potential client confusion between the two firms.  *Id.* at 1130-31.

First, the Court notes that Hard Drive does not dispute that the Court has personal jurisdiction over it, nor does Hard Drive offer any facts in support of its motion to show that personal jurisdiction in the Northern District would be improper.[4]

---

[4] *Cf. Palmer v. Braun*, 376 F.3d 1254 (11th Cir. 2004) (since defendant consented to personal jurisdiction by appearing before court without contesting jurisdiction, he was found in district for venue purposes).

United States District Court
Northern District of California

Second, the allegations here are that Hard Drive initiated litigation in which Wong has potential liability.  Hard Drive's argument that it has not named Wong and does not think she is likely to be the actual infringer rings hollow in the face of its settlement demands and communications to Wong.   Again, the allegations here are sufficient to establish that Hard Drive's conduct creates a reasonable and reasonable apprehension that it will try to hold Wong liable for copyright infringement as alleged in the 5630 Action.[5]  The litigation and settlement communications in the 5630 action were initiated by Hard Drive in the Northern District.

Plaintiff offers a variety of arguments in opposition to the motion, including that Hard Drive's election to file its complaints in the Northern District constitutes a waiver to any objection to the forum, or that Hard Drive is judicially estopped from arguing that venue is improper.

The Court need not reach those arguments, however, since it is plain that the actions that gave rise to the complaint demonstrate that Hard Drive purposefully directed activity within the forum, that the claim here arises out of that activity, and that venue in the Northern District of California will comport with fair play and substantial justice.  *See Brayton, supra, 606 F.3d at 1128.*  Hard Drive sued for copyright infringement in this district, twice, and threatened to hold Wong liable for that infringement, twice.  Having this action heard in the Northern District, before the same judge assigned to the pending 5630 action will comport with fair play and substantial justice.  Thus, the motion to dismiss for improper venue is DENIED.

//

//

---

[5]  Further, it would appear to be reasonable to consider counsel in the 1957 and the 5630 Actions to be the "agents" of Hard Drive for purposes of the claims here, and that those agents "reside or may be found" in the Northern District for purposes of 28 U.S.C. §1400(a).  (*See* FAC at Exhibit A, B, D and G; and Gibbs Dec. at 2:21-23.)

III.     MOTION TO DISMISS AS DUPLICATIVE, LATER-FILED ACTION

Hard Drive moves to dismiss the instant action on the grounds that the 5630 action is already pending and was filed first.  Hard Drive contends that, because the instant case involves substantially the same parties and the same issues as the 5630 Action, the later-filed case should be dismissed as duplicative.

"The 'first-to-file' rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Mediostream, Inc. v. Priddis Music, Inc.*, C 07-2127-PJH, 2007 WL 2790688 (N.D. Cal. Sept. 24, 2007), *citing Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-5 (9th Cir.1982).  The rule is generally applied when actions are pending in different federal courts, which is not the situation here.  *See, e.g., Mediostream, supra,* 2007 WL 2790688 at *3.  That is not the situation here.  Further, the order relating the instant action with the 5630 Action resolves the kinds of concerns raised in those cases regarding preservation of judicial resources and avoidance of conflicting rulings.  The Court is not persuaded that the complaint should be dismissed on these grounds.

## CONCLUSION

Hard Drive's Motion to Dismiss is DENIED.  Hard Drive is directed to file and serve its answer to the First Amended Complaint no later than April 30, 2012.

This resolves Docket No. 8.

**IT IS SO ORDERED.**

April 13, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

11